UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORRECT TRANSMISSION LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CASE NO. 2:23-mc-0075-KKE<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Correct Transmission's motion to compel Defendant Microsoft to produce documents responsive to its July 28, 2023 subpoena ("Subpoena"). Dkt. No. 1. For the reasons provided below, the Court denies the motion to compel.

## I. BACKGROUND

Correct Transmission sued Juniper Networks in the Northern District of California alleging its networking equipment infringes, and induces others to infringe, Correct Transmission's patents. Dkt. No. 1 at 2; *see Correct Transmission, LLC v. Juniper Networks, Inc.,* No. 3:21-cv-09284 (N.D. Cal. filed Nov. 29, 2021). On July 28, 2023, Correct Transmission issued the Subpoena to non-party Microsoft with six requests for documents. Dkt. No. 1-2. Microsoft timely responded, objecting to producing any documents. Dkt. No. 1-6.

After exchanging letters and participating in multiple phone calls, Correct Transmission filed this motion. *See* Dkt. Nos. 1-1 ¶¶ 7–24, 1-5. Correct Transmission identifies two categories

ORDER DENYING MOTION TO COMPEL - 1

of documents in its motion: "Juniper Networks documents within Microsoft's possession and Microsoft internal documents[.]" Dkt. No. 1 at 4. Correct Transmission argues these documents are relevant to show Juniper Networks induced infringement (*id.* at 4–5), are "not otherwise available from the defendant, Juniper Networks" (*id.* at 4), and that Microsoft has not shown the requests are unduly burdensome (*id.* at 5–7). Correct Transmission also seeks sanctions. *Id.* at 7–8.

Microsoft responds that Correct Transmission failed to show it could not obtain the requested information from Juniper Networks (Dkt. No. 7 at 7), refused to clarify its requests (*id.* at 3–4, 8), and never requested internal Microsoft documents in the first instance (*id.* at 9–10). Microsoft also argues that Correct Transmission's sixth document request, for "documents sufficient to show any [Microsoft] employees that are responsible for installing, testing, or operating the Accused Instrumentalities" (Dkt. No. 1-2 at 13), is an impermissible interrogatory. Dkt. No. 7 at 8–9.

Correct Transmission did not file a reply.

## II.   ANALYSIS

### A.  LEGAL STANDARDS

All civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Parties can seek documents from non-parties through a Rule 45 subpoena. Fed. R. Civ. P. 45. Notably, Rule 45 does not allow for interrogatories to third parties. Fed. R. Civ. P. 45(a)(1)(iii) (stating a subpoena can be used to command a third party to "attend and testify; produce designated documents, … or permit the inspection of premises").

Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party. *See, e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)

ORDER DENYING MOTION TO COMPEL - 2

(finding requests that pertain to party "can more easily and inexpensively obtain the documents" from the party). As the Ninth Circuit has recognized, "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).

### B. REQUESTS ONE THROUGH FIVE SEEK DOCUMENTS THAT CAN BE OBTAINED FROM A PARTY.

The Subpoena includes six requests. Dkt. No. 1-2 at 12–13. The first five requests seek all documents, all marketing materials, and documents sufficient to show trainings *provided by Juniper Networks* on various topics. *Id.* (emphasis added). Correct Transmission sufficiently explains the relevance of these documents to its inducement of infringement claim. Dkt. No. 1 at 4–5. However, Correct Transmission fails to explain why *only* Microsoft would possess the communications between Juniper and Microsoft. If Juniper Networks provided the documents to Microsoft, both parties should possess such communications.

The Court can imagine that differing document retention policies or other factors could lead to a circumstance in which only one party to a communication possessed a copy at a given time. This is particularly true here, where Correct Transmission seeks documents spanning a nine-year period. But Correct Transmission has not demonstrated those circumstances exist here. In fact, Correct Transmission states it requested the documents from Juniper Networks but "Juniper Networks ha[s] not produced those documents to date." Dkt. No. 1-1 ¶ 13. A party's mere failure to produce, without a meet and confer or other efforts to obtain the requested information, is not enough to burden Microsoft, a non-party, to engage in discovery. The Sedona Conference, repeatedly referenced in Correct Transmission's correspondence with Microsoft (Dkt. No. 1-5), recommends seeking production of documents from non-parties only after meeting and conferring

ORDER DENYING MOTION TO COMPEL - 3

with the party who either confirms it does not possess the requested documents or does not respond within a reasonable time.  See The Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties*, *Second Edition*, 22 SEDONA CONF. J. 1, 20–21 (2021).

### C. CORRECT TRANSMISSION'S SIXTH REQUEST IS AN IMPERMISSIBLE INTERROGATORY.

Correct Transmission's sixth request seeks "[d]ocuments sufficient to show any of [Microsoft's] employees that are responsible for installing, testing, or operating the Accused Instrumentalities." Dkt. No. 1-2 at 13.  This request is an interrogatory disguised as a request for production and is not permitted under Rule 45.  *See Duong v. Groundhog Enters., Inc.*, No. 19-cv-01333, 2020 WL 2041939, at *8 (C.D. Cal. Feb. 28, 2020) (prohibiting a similar request for the identification of a person most knowledgeable).

Notably, Correct Transmission repeatedly references its request for and the relevance of internal Microsoft documents.  Dkt. No. 1 at 2, 5.  This sixth document request is the only request that could possibly indicate internal Microsoft documents because it is the only request not limited to documents *provided by Juniper Networks*.  *See* Dkt. No. 1-2 at 12–13.  Because this request is an impermissible interrogatory, Correct Transmission's argument to compel production of Microsoft's internal documents also fails.

### III.   CONCLUSION

For all the above reasons, the Court DENIES Correct Transmission's motion to compel. Dkt. No. 1.  Correct Transmission's request for sanctions is likewise DENIED.

Dated this 6th day of November, 2023.

Kymberly K. Evanson
United States District Judge